In 1981, appellant Dennis Andrew McCoy entered a plea of guilty to two counts of rape, as charged by Bill of Information. One count charged appellant with the February 20, 1981 rape of Scott Amburgey. The second count charged him with the statutory rape of Chris Altman, as a continuous course of conduct from April 20, 1980, to April 24, 1981. The court accepted appellant's plea of guilty to these two charges, and sentenced him to two concurrent determinate terms of incarceration of seven to twenty-five years.
Pursuant to the provision of House Bill 180, effective January 1, 1997, the warden of the prison where appellant was incarcerated recommended that appellant be classified as a sexual predator pursuant to R.C. Chapter 2950. The Stark County Common Pleas Court conducted a hearing in June of 1998, pursuant to R.C. 2950.09. The court found appellant to be a sexual predator. Appellant assigns a single error on appeal:
ASSIGNMENT OF ERROR
 TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT A SEXUAL PREDATOR.
Appellant argues that the judgment finding him to be a sexual predator was not supported by clear and convincing evidence. Appellant specifically asserts that no evidence was presented to show that appellant was likely to re-offend.
A sexual predator is statutorily defined as ". . . a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses . . ." R.C.2950.01(E). It is undisputed that the criminal offenses of which appellant was convicted qualify as sexually oriented offenses.
In determining whether an offender is a sexual predator, the judge shall consider is the measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegation sought to be established.Cross v. Ledford (1954), 161 Ohio St. 469, 477. A judgment supported by some competent, credible evidence will not be reversed by the reviewing court as against the manifest weight of the evidence. C.E. Morris v. Foley Construction Company
(1978), 54 Ohio St.2d 279.
At the hearing in the instant case, the State introduced two exhibits: the sexual predator screening instrument from the prison where appellant is incarcerated, and a police report summarizing appellant's confession in 1981. As to the confession, the court excluded portions of the confession referring to other victims whom appellant had allegedly sexually abused over the years. However, there was evidence that the instant charges of rape related to a fourteen year old boy, and to a boy under the age of thirteen. In addition, appellant was the uncle of one of the victims.
According to appellant's confession, he went to the house of Scott Amburgey, his nephew, on the date in question. Upon finding Amburgey without a shirt on, he took the youngster to his bedroom, where appellant removed the boy's pants and had him lie on the bed on his back. Appellant then performed fellatio on him. He then masturbated over the boy until he ejaculated on the boy's chest. As to the other boy, who was appellant's cousin, appellant performed fellatio on him, and masturbated over him until he ejaculated on his chest. In addition, appellant admitted that he tied the boy to a fold-away bed in his basement using an electrical cord. This abuse lasted almost five years.
Appellant claims that this evidence of his past conduct has very little, if any, probative value. This argument is without merit. The past behavior of a defendant is often the best indicator of future sexual or violent tendencies, and therefore, can be used by the court to gauge the offender's future propensity to commit sexual offenses. E.g. State v. Striley
(December 29, 1997), Clermont App. No. 97-05-046, unreported; Statev. Batis (December 9, 1997), Franklin App. No. 97AP805-600 unreported, citing Kansas v. Hendricks (1997), 117 Sup. Ct. 2072.
The judgment of the court is not against the manifest weight of the evidence. Appellant's sexual crimes involved more than one victim, both very young at the time of the offenses, and covered an extended period of time. The assignment of error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County common Pleas Court is affirmed.
-------------------
-------------------
 ------------------- JUDGES